# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# NO. 3:18-CV-00430-GCM

| | |
|---|---|
| KAREN M. MOORE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) ORDER |
| | ) |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court upon Plaintiff's Motion for Summary Judgment (Doc. No. 11) and the Commissioner's Motion for Summary Judgment (Doc. No. 13). After carefully reviewing those motions, supporting memoranda, and the pleadings, the Court enters the following findings, conclusions, and Order.

## I.  Background

On November 27, 2013, Plaintiff filed a Title II application for a period of disability and disability insurance benefits, alleging a disability onset date of September 16, 2014. (Doc. No. 10-1, at 14). The application was denied, first on June 6, 2014 and then upon reconsideration on June 9, 2015. (Doc. No. 10-1, at 14). Thereafter, Plaintiff requested a hearing on July 8, 2015 and that hearing was held on May 11, 2017. (Doc. No. 10-1, at 14).

In evaluating Plaintiff's alleged disability, the Administrative Law Judge ("ALJ") found that the Plaintiff met the insured status requirements of the Social Security Act through December 31, 2015. (Doc. No. 10-1, at 19). The ALJ also engaged in a five-step sequential review pursuant to 20 C.F.R. § 404.1520(a)(4)(i)-(v). As a part of that review, the ALJ determined that: (1) the Plaintiff had not engaged in substantial gainful activity since the alleged onset of disability; (2) the

Plaintiff had severe impairments (degenerative disc disease, status post laminectomy with chronic lower back pain, obesity, depression, and anxiety); (3) none of Plaintiff's impairments or combination of impairments met the severity of those listed in 20 CFR 404, Subpart P, Appendix 1; (4) given Plaintiff's residual functional capacity, and through the Plaintiff's last date insured, she was capable of performing past work relevant work as a data entry clerk; and, (5) Plaintiff "could perform [185,000] other jobs available in the national economy." (Doc. No. 10-1, at 23). Accordingly, the ALJ found that Plaintiff was not disabled within the meaning of the Social Security Act and denied Plaintiff's application for a period of disability and disability insurance benefits. (Doc. No. 10-1, 23).

The Plaintiff requested review of that decision by the Appeals Council on September 21, 2017. (Doc. No. 10-1, at 5). The Appeals Council denied that request on June 7, 2018, making the ALJ's decision the final decision of the Commissioner of Social Security ("Commissioner"). (Doc. No. 10-1, at 5). Thereafter, Plaintiff timely filed this action, seeking judicial review of the Commissioner's final decision. (Doc. No. 1).

**II.  Standard of Review**

Judicial review of a final decision of the Commissioner for disability benefits under the Social Security Act is authorized pursuant to 42 U.S.C. § 405(g), but review is limited to consideration of (1) whether the Commissioner applied the correct legal standards and (2) whether substantial evidence supports the Commissioner's decision. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).

**III.  Discussion**

The Plaintiff made two assignments of error. The first is that the ALJ did not properly explain how he concluded that Plaintiff can stay on task for two hours or that Plaintiff has no

limitations to her ability to interact with supervisors and co-workers. (Doc. No. 6, at 9). The second is that the ALJ improperly rejected Plaintiff's symptom testimony without providing specific reasons for doing so. (Doc. No. 6, at 9). These challenges may be reviewed under 42 U.S.C. § 405(g).

The undersigned's review of the record makes clear that Plaintiff's first assignment of error is correct—the ALJ failed to properly perform a function-by-function analysis explaining how he reached the conclusions in Plaintiff's residual functional capacity ("RFC") determination. Social Security Ruling ("SSR") 96-89 requires that an RFC assessment "first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis." 1996 SSR LEXIS 5, 61 Fed. Reg. 34,474, 34,475 (July 2, 1996). SSR 96-89 also requires an RFC assessment to "include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (*e.g.*, laboratory findings) and nonmedical evidence *(e.g.*, daily activities, observations)." *Id.* at 34,478. It follows that "remand may be appropriate where an ALJ fails to assess a [plaintiff's] capacity to perform relevant functions, despite contradictory evidence in the record, *or where other inadequacies in the ALJ's analysis frustrate meaningful review*." *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015) (emphasis added). For example, in *Mascio* the Fourth Circuit concluded that the ALJ's analysis was inadequate where he stated that his conclusions were based on the medical evidence in the record (and the plaintiff's subjective complaints) but failed to provide any analysis or citations to the record. *Id.* at 636-37.

Here, the ALJ, when making his RFC determination, determined that Plaintiff "can stay on task for two hours at a time throughout the workday." (Do. No. 10-1, at 19). Like in *Mascio*, the ALJ stated that he carefully considered the record when reaching that determination but did not

3

cite to the record or provide any other support for his position. (Doc. No. 10-1, at 19). Similarly, the ALJ provided no analysis (and not a single reference to the record) in support of his conclusion that Plaintiff "can have no more than occasional public interaction," as opposed to a more restrictive determination that Plaintiff could not have more than occasional public interaction with co-workers and supervisors as well. (Doc. No. 10-1, at 19). Because the undersigned is left to guess how the ALJ arrived at his conclusions about Plaintiff's ability to stay on task and interact with others, remand is appropriate. *See Mascio*, 780 F.3d at 637.

### IV. Conclusion

The undersigned has carefully reviewed the decision of the ALJ, the transcript of proceedings, Plaintiff's motion and brief, the Commissioner's responsive pleading, and Plaintiff's assignments of error. Review of the entire record reveals that the decision of the ALJ erred by providing insufficient analysis, frustrating meaningful review of the ALJ's RFC determinations that the Plaintiff can stay on task for two hours at a time during the workday and can interact with co-workers and supervisors. Plaintiff's other assignment of error—that the ALJ improperly failed to provide specific reasons for the weight it gave to Plaintiff's testimony—is rejected. Thus, the Commissioner's Motion for Summary Judgment (Doc. No. 13) is **denied,** the Plaintiff's Motion for Summary Judgment (Doc. No. 11) is **granted**, and the decision of the Commissioner **vacated**. Accordingly, the undersigned **remands** for further administrative proceedings. Upon remand, Plaintiff may present new evidence and the ALJ may reexamine all issues in the case.

Signed: September 12, 2019

Graham C. Mullen
United States District Judge