# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:18-CV-00430-GCM

| | |
|---|---|
| KAREN M. MOORE, | |
| Plaintiff, | |
| v. | **ORDER** |
| NANCY A. BERRYHILL, | |
| Defendant. | |

**THIS MATTER** comes before the Court upon Plaintiff's Consent Motion for Fees Pursuant to the Equal Access to Justice Act 28 U.S.C. § 2412(d)(1)(A) [ECF Doc. 18], which was filed on December 12, 2019. The Court, being apprised of the facts and circumstances of the Motion, finds the following.

## DISCUSSION

Under the Equal Access to Justice Act ("EAJA"), where a party's net worth is less than $2,000,000.00 at the time the civil action was filed, a court "shall award to a prevailing party other than the United States fees and other expenses" incurred in the civil action "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d) (2018). A party obtaining a court order remanding a Social Security claim for further administrative proceedings qualifies as a prevailing party. *Shalala v. Schaefer*, 509 U.S. 292, 293 (1993). Additionally, the Commissioner bears the burden to demonstrate that her positions were substantially justified or an award is unjust. *Lively v. Bowen*, 858 F.2d 177, 180 (4th Cir. 1988). Lastly, an application for fees and expenses is timely if filed "within thirty days of final judgment in the action." 28 U.S.C. § 2412(d)(1)(B). Because an appeal

may be filed as of right by the United States within sixty days of the entry of a judgment or order, an application for fees is timely when filed within ninety days of the entry of judgment. *See id.*; Fed. R. App. P. 4(a)(1)(B).

The statutory requirements for an award of attorney's fees under the EAJA are met here. Plaintiff's net worth is less than $2,000,000.00, her Motion was timely, and there is no question that Plaintiff was the prevailing party. Additionally, it is the Commissioner's burden to prove that her positions were substantially justified or that an award would be otherwise unjust. As this is a consent motion and the Commissioner has filed no response arguing that her positions were substantially justified or an award of attorney's fees is otherwise unjust, the Commissioner has not met her burden. For the reasons indicated in the Court's Order granting Plaintiff's Motion for Summary Judgment [ECF Doc. 16], the Court concludes an award of attorney's fees is appropriate. Therefore, the only remaining question is whether Plaintiff's request for attorney's fees in the amount of $7,500.00 for 38.80 attorney hours is appropriate.

The EAJA sets a cap of $125 per hour on attorney's fees, unless a court deems that "an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). District courts have sound discretion to determine a reasonable attorney's fee award, including the reasonableness of awarding hourly attorney's fees that exceed the statutory cap. *Pierce v. Underwood*, 487 U.S. 552, 571 (1988); *May v. Sullivan*, 936 F.2d 176, 177 (4th Cir. 1991) (discussing a district court's discretion in increasing an attorney's fee award based on cost of living). In its discretion, it is appropriate for a district court to make an inflation adjustment to the attorney's fees rate using the relevant current federal Consumer Price Index ("CPI"), as compared to the CPI numbers from when the statutory cap was created. *See Harris v. Sec'y, Dep't of Health*

*& Human Servs.*, 792 F. Supp. 1014, 1017 (E.D. Va. 1991). Here, Plaintiff has properly calculated the percent CPI increase for the months her attorney worked, December 2018 and February 2019, as 61.36 % and 62.35 %, respectively. *See* ECF Docs. 19-2, 19-3. Additionally, having reviewed the description of services provided by Plaintiff's attorney, the Court finds that the hours claimed are reasonable. *See* ECF Doc. 19-2 at 1. Moreover, Plaintiff has applied for an award of attorney's fees that equates to less than the inflation-adjusted rate multiplied times the hours claimed. *See id.* at 2-3 (showing that the inflation-adjusted award would be $7,840.56); ECF Doc. 18 at 1 (requesting an award of $7,500.00). The Court finds that the requested attorney's fees award is reasonable. Further, the Commissioner has consented to this award. Therefore, the Court concludes that the Motion should be **GRANTED**.

  **IT IS HEREBY ORDERED** that the Consent Motion for Fees Pursuant to the Equal Access to Justice Act 28 U.S.C. § 2412(d)(1)(A) is **GRANTED**.

  **SO ORDERED.**

Signed: October 26, 2020

Graham C. Mullen
United States District Judge